72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Ting-Hwa SHAO, Plaintiff-Appellant,
v.
SEA HORSE CONTAINER LINES; Western Overseas Corp oration,
Defendants-Appellees,
and
LINK CARGO (TAIWAN) LIMITED; Abacus Transports and
Forwarder, Limited; Inhouse Trucking Company; Groat
Brothers, Incorporated; International Warehouse
Distribution Corporation; Micc Venture, a Florida Joint
Venture/General Partnership, Defendants.
 No. 93-2412.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1995.
Decided Dec. 11, 1995.
 
 Frederick W. Schwartz, Jr., Washington, D.C., for Appellant. Steven A. Fein, Edoardo Meloni, HYMAN & KAPLAN, P.A., Miami, Florida, for Appellees.
 Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700 (4th Cir.1993), we considered whether the Carmack Amendment, 49 U.S.C.A. Sec. 11707 (West 1995) preempted Ting-Hwa Shao's common law claims for breach of contract and negligence for goods lost or damaged by a carrier during interstate shipment. We concluded that if there existed a domestic bill of lading covering a domestic segment of the shipment of Shao's household goods from Taiwan to Baltimore, Maryland, the Carmack Amendment would preempt Shao's common law claims. We remanded the case to the district court to determine whether such a bill of lading existed. Id. at 708-709.
 
 
 2
 Because the parties, on remand, were unable to establish the existence of a domestic bill of lading, the district court found that the Carmack Amendment did not preempt Shao's common law claims. The court further determined that it lacked personal jurisdiction over the two remaining* Defendants, Sea Horse Container Lines (Sea Horse) We previously upheld the dismissal of five Defendants who were not served. A sixth Defendant, Groat Bros., Inc., was dismissed from the earlier appeal on Shao's motion. Shao v. Link Cargo (Taiwan), Ltd., 986 F.2d at 702 n. 1, 708 n. 6 (4th Cir.1993). and Western Overseas Corp. (Western), because they lacked sufficient contacts with Maryland, the forum state. The court entered judgment for Defendants. Shao appeals.
 
 
 3
 * Shao contends first that the parties' inability to locate a domestic bill of lading does not render the Carmack Amendment inapplicable to this case. Shao points to the Defendants' answers to his interrogatories, in which the Defendants state their belief that a domestic bill of lading was prepared and state that an attempt was being made to locate such a document.
 
 
 4
 In our earlier opinion, we found that jurisdiction under the Carmack Amendment would exist only if a domestic bill of lading covered a domestic segment of the shipment of Shao's belongings. Shao v. Link Cargo (Taiwan), Ltd., 986 F.2d at 703. The burden of proving federal jurisdiction rests on the party seeking to invoke it. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Shao does not satisfy this burden by speculating that a domestic bill of lading exists. Although given the opportunity to produce such a document, he failed to do so. We conclude that the district court properly found the Carmack Amendment to be inapplicable.
 
 II
 
 5
 Having determined that it was without jurisdiction under the Carmack Amendment, the district court considered the Defendants' motion to dismiss Shao's common law claims for want of personal jurisdiction. The court granted the motion upon the finding that the Defendants had insufficient contacts with Maryland for jurisdiction to exist under the state's long-arm statute. Shao contests this finding.
 
 
 6
 Shao bore the burden of proving that Sea Horse and Western were subject to the personal jurisdiction of the Maryland courts. Since the district court dismissed the case prior to trial without an evidentiary hearing, Shao only had to prove a prima facie case of personal jurisdiction. In deciding whether Shao had met this burden, the district court was required to draw all reasonable inferences and to resolve all factual disputes in Shao's favor. We review a district court's legal conclusions concerning proof of a prima facie case de novo. We will disturb factual findings informing those legal conclusions only if clearly erroneous. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993).
 
 
 7
 To establish jurisdiction over a defendant not present in a state, a plaintiff must make two showings. First, the defendant must have created certain minimum contacts or ties with "the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state." Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 945-46 (4th Cir.1994). Second, the exercise of personal jurisdiction based on the defendant's contacts must not offend notions of fair play and substantial justice. Id. at 946.
 
 
 8
 The district court properly found that it had no personal jurisdiction over either Western or Sea Horse, which are both based in California. Their businesses involve securing the release from the United States Customs Service of goods shipped to the United States and turning those goods over to inland carriers for transport. Neither Western nor Sea Horse advertises its services in Maryland. Nor does either company maintain offices in Maryland, have employees in Maryland, or transact business in Maryland. Occasionally, Western and Sea Horse arrange for a carrier to transport goods to Maryland. But neither company delivers those goods to Maryland, nor does either company hire the carriers in Maryland. In the subject case, Western merely effected the release of Shao's belongings from Customs. The role of Sea Horse was to hire a trucking company to transport the goods to Baltimore.
 
 III
 
 9
 Because Shao did not produce a domestic bill of lading, jurisdiction did not exist under the Carmack Amendment. Further, because neither Western nor Sea Horse had contacts of any consequence with the forum state, the district court was without personal jurisdiction over either Defendant. We accordingly affirm the decision of the district court.
 
 
 10
 AFFIRMED.